Abraham N. (Teller, J.
Defendants move pursuant to subdivision 6 of rule 107 of the Buies of Civil Practice for dismissal of the complaint upon the ground that the claims or demands set forth therein have been released; in the alternative, defendants request corrective relief nursuant to rule 102.
*855 The action, asserting that a certain contract was fraudulently induced, proceeds upon an affirmance of the contract and seeks to recover the damages allegedly sustained. If the complaint states a cause of action (and the court intimates no opinion on this either way), the motion to dismiss under rule 107 must be denied on the authority of Goldsmith v. National Container Corp. (287 N. Y. 438). The releases upon which the defendants rely were either incorporated into or were integral parts of the contractual arrangements alleged to have been induced by the defendants’ fraud. As the court stated in the Goldsmith case (supra, p. 443): “In the present case the releases given by the plaintiff, which the defendants’ answer pleads as a defense, do not bar the present action at law whereby plaintiff seeks damages due to alleged fraudulent misrepresentations and concealments which induced him to give such releases.”
Defendants’ main affidavit submitted on its rule 107 motion would more appropriately be submitted and considered on a motion for summary judgment. Here again the court intimates no opinion on the merits of such a motion, if made.
The motion to dismiss under rule 107 is denied, with leave to the defendants, if they be so advised, to allege in their answer the facts relied upon as a defense and without prejudice to such motions as defendants may be advised to make challenging the legal sufficiency of the complaint or for summary judgment.
The alternative motion under rule 102 is denied; the complaint is not so indefinite, uncertain or obscure that the precise meaning or application thereof is not apparent.